### 10388. BARBOUR *v.* THE STATE.

1. The instruction to the jury to the effect that the method in which evidence is acquired is not a matter for determination by the jury, or for approval or disapproval by a jury, and that "evidence is admissible no matter how acquired," was not error, especially in view of the additional instruction that the method of obtaining the evidence could not

be considered unless it should throw light on the circumstances of the case, and by that means go to the credibility of a witness, and that the credibility of a witness is exclusively a matter for the jury to determine.

2. Error in the judge's statement of the contention of the State as to the quantity of whisky found in the defendant's residence, the amount so stated being two half-pints, when the amount found as shown by the evidence was only one half-pint, does not require a new trial. The difference was immaterial; and it must have been apparent to the jury that the judge's statement as to the quantity was inadvertent.

3. The omission of instructions not requested on the law of alibi was not error, under the facts of the case.

4. The verdict was authorized, and there was no error in overruling the certiorari.

DECIDED JUNE 19, 1919.

Certiorari; from Chatham superior court—Judge Meldrim. December 17, 1918.

*R. L. Colding, J. F. Bernhardt,* for plaintiff in error.

*Walter C. Hartridge, solicitor-general,* contra.

BROYLES, P. J.  A. D. Barbour was tried in the city court of Savannah for violating the prohibition laws. The accusation contained two counts. The first count was for selling spirituous liquors, and the second count was for having, controlling, and possessing spirituous liquors. The defendant was acquitted under the first count and convicted under the second count. His motion for a new trial was overruled, and he carried his case by certiorari to the superior court, where the certiorari was overruled and the judgment of the trial court sustained.

The trial court did not err in charging the jury as follows: "I charge you that the method in which evidence is acquired is not a matter for determination of any jury, that the law of this State is that evidence is admissible no matter how acquired; so the methods, if any, in this case, that were used to acquire the evidence is not for the approval or disapproval of this jury and is not an issue for you to decide." This is especially true since, in immediate connection therewith, the judge added the following instructions: "The credibility of a witness is exclusively a matter for the jury to determine; what the truth of the testimony is is a matter for you to decide, but the method in which the evidence is acquired, as a general statement, can not be considered by the jury in determining the guilt or innocence of a defendant, unless they should throw light on the circumstances of the case, and by that means go to the credibility of a witness."

Upon the trial of the case one half-pint of whisky, which the testimony showed was found in the defendant's residence, was introduced in evidence. The trial judge erroneously stated in his charge that the State contended that the defendant had in his residence *two* half-pints of whisky, which had been put in evidence. This error, however, in our opinion, does not require a new trial. Under the law the guilt of the defendant did not depend upon the quantity of whisky in his possession. He was equally guilty whether he had one half-pint or two half-pints. Besides, the testimony was clear and explicit that only one half-pint of whisky was found in the defendant's house, and the jury, of course, had only one half-pint of whisky out with them as evidence in the case. It must have been clearly apparent to them that the judge's statement as to the quantity of the whisky found and introduced in evidence was merely an inadvertent slip of the tongue.

The evidence authorized the charge complained of in the 5th special ground of the motion for a new trial.

Under the facts of the case the trial court did not err, in the absence of a timely and appropriate written request, in failing to instruct the jury upon the law of alibi.

The verdict was authorized by the evidence, and the judge of the superior court did not err in overruling the certiorari and sustaining the judgment of the trial court.

*Judgment affirmed. Bloodworth and Stephens, JJ., concur.*